{¶ 106} I respectfully dissent.
 {¶ 107} Section 10, Article I of the Ohio Constitution guarantees due process and notice to an accused of the crimes he or she is alleged to have committed.
 {¶ 108} The Supreme Court of Ohio has recently dealt with the issue presented by appellant's third assignment of error in the context of a felony indictment. See, e.g., Davis, supra, at ¶ 3-9. The logic and reasoning in Davis are fully applicable in the context of misdemeanor prosecutions. Davis invalidates the practice of amending an indictment or complaint at trial pursuant to Crim. R. 7(D) when the amendment changes the penalty or degree of the charged offense.
 {¶ 109} In this case, the amendment of the indictment was particularly serious, since there is no right to a jury trial at all in cases involving minor misdemeanors, whereas an accused charged with a fourth degree misdemeanor, being subject to up to *Page 24 
thirty days incarceration, may request a jury trial. In effect, appellant was deprived of his federally and state guaranteed right to be judged by a jury of his peers. The right to basic procedural and constitutional safeguards is the right of every citizen regardless of the seriousness of the accusation. *Page 1